**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JUAN FRANCISCO VEGA, et al.,**

      **Plaintiff,**

**vs.**                           **Case No. 4:13cv629-MW/CAS**

**GREGORY VENZ,
and DONALD SAWYER,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

This case was initiated by seventeen Plaintiffs desiring to join together to bring a civil rights action challenging the Defendants' use of a disciplinary confinement unit and unspecified disciplinary penalties against them.  Doc. 1.  Plaintiffs are alleged to be detained pursuant to the Involuntary Civil Commitment of Sexually Violent Predators Treatment and Care Act.  *Id.* at 3.  Defendants are the Secretary of the Florida Department of Children and Families, Gregory Venz, and the Administrator of the Florida Civil Commitment Center, Donald Sawyer.  *Id.* at 4.

Plaintiffs also filed a motion for leave to proceed with in forma pauperis status, doc. 2, a motion to certify this case as a class action, doc. 3, and a motion for

appointment of counsel, doc. 4. This Report and Recommendation is limited to the

motion seeking class certification.

Plaintiffs are civilly detained, doc. 1 at 2-4, and are not "prisoners" as defined by

28 U.S.C. § 1915(h) for purposes of the PLRA's full payment provision of court filing

fees. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002), *citing* Page v. Torrey, 201

F.3d 1136, 1139 (9th Cir. 2000), which "held that a person who is civilly committed

pursuant to California's Sexually Violent Predator Act is not a 'prisoner' within the

definition of the PLRA." However, Plaintiffs are proceeding pro se as the Order entered

this day denied the motion for appointment of counsel. Pro se litigants may not join

together in a class action. Pursuant to 28 U.S.C. § 1654,[1] the general provision

permitting parties to proceed pro se, the personal right to litigate one's own case "does

not extend to the representation of the interests of others." Timson v. Sampson, 518

F.3d 870, 873 (11th Cir. 2008) (holding that a private individual may not bring a *qui tam*

suit pro se); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that

an inmate "is not qualified to file an action for the release of his fellow inmates from

solitary confinement"); see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)

(holding that an imprisoned litigant, unassisted by counsel, cannot represent his fellow

inmates in a class action).

A prerequisite for class action certification is a finding by the Court that the

representative party or parties can "fairly and adequately protect the interest of the

class." FED. R. CIV. P. 23(a)(4). It is well established, however, that a pro se plaintiff

---

[1] Section 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

"cannot be an adequate class representative." <u>Gray v. Levine</u>, 455 F. Supp. 267, 268 (D. Md. 1978), *citing* <u>Oxendine</u>, 509 F.2d at 1407.  "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" <u>Oxendine</u>, 509 F.2d at 1407, *quoted in* <u>Fymbo v. State Farm Fire and Cas. Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* <u>Hussein v. Sheraton New York Hotel</u>, 100 F. Supp. 2d 203, 205-06 (S.D.N.Y. 2000); <u>Klocek v. Gateway, Inc.</u>, 104 F. Supp. 2d 1332, 1343-44 (D. Kan. 2000); <u>Bass v. Benton</u>, 408 F.App'x 298, 299, 2011 WL 118246, *1 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se § 1983 complaint on basis that he "may not represent the plaintiffs in a class action suit").  Therefore, because pro se civil detainees cannot adequately represent a class of detainees held at the Florida Civil Commitment Center, the motion to certify this case as a class action, doc. 3, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' motion to certify this case as a class action, doc. 3, be **DENIED**, and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 20, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**